UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00064-GNS

DENNIS BABBS                                                                                    PLAINTIFF

v.

EQUITY GROUP KENTUCKY DIVISION LLC
d/b/a KEYSTONE FOODS                                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Partial Motion to Dismiss (DN 6). This matter is now ripe for adjudication. For the reasons that follow, the motion is **DENIED**.

### I. BACKGROUND

#### A. Statement of Facts

Many of the relevant facts are not disputed by the parties. In 2003, Plaintiff Dennis Babbs ("Babbs") entered into a contract with Equity Group Kentucky Division d/b/a Keystone Foods ("Keystone") whereby Babbs would accept and raise broiler chickens for later re-delivery back to Keystone. (Compl. ¶ 6, DN 1-3). Similarly, in 2010 the parties entered into and executed a contract for the raising of broilers. (Compl. ¶¶ 10-12). In 2016, the parties entered into the present Broiler Production Agreement ("Agreement"), again for the raising of broiler chickens. (Compl. ¶ 13). The Agreement states, in relevant part, that "[Keystone] will provide [Babbs] with chicks from the hatchery." (Def.'s Partial Mot. Dismiss Ex. A, at 2, DN 13-1). Babbs contends that he purchased a chicken farm and related equipment in reliance on the Agreement. (Compl. ¶¶ 15-16).

Beginning in January 2017, the relationship between Babbs and Keystone began to break down. Brandon Gibson ("Gibson"), Broiler Manager of Keystone, inspected Babbs' property on

1

a number of occasions, each time providing Babbs with a list of alterations and improvements he needed to make to his property if he wished to receive more broilers from Keystone. (Compl. ¶¶ 17-24). Babbs contends that he repeatedly complied with the recommendations made by Gibson and that Gibson became increasingly more difficult to contact. (Compl. ¶ 24).[1] Keystone has not placed any broilers with Babbs since approximately December 2016, and the Agreement does not terminate until October 2019. (Compl. ¶¶ 28-29).

### B. Procedural History

On March 20, 2019, Babbs filed this lawsuit in Warren Circuit Court alleging breach of contract and breach of implied covenant of good faith and fair dealing. (Compl. ¶¶ 31-37). On May 22, 2019, Keystone filed a notice of removal in the United States District Court for the Western District of Kentucky. (Notice Removal, DN 1). On May 29, 2019, Keystone filed its answer raising a variety of defenses and moved under Fed. R. Civ. P. 12(b)(6) to dismiss Babbs' claim for breach of implied covenant of good faith and fair dealing. (Answer, DN 4; Def.'s Partial Mot. Dismiss, DN 6). Babbs responded (DN 12), and Keystone replied. (DN 14).

## II. JURISDICTION

The Court has subject matter jurisdiction over this action via diversity under 28 U.S.C. § 1332. There is complete diversity between the parties because Babbs is a resident of Kentucky and Keystone is incorporated in Delaware with its principal place of business in Pennsylvania. The amount in controversy as pleaded exceeds $75,000.00. (*See* Notice Removal 3-4; Compl. ¶¶ 2-3).

---

[1] Babbs also reports that Gibson told Babbs that he was the only African American broiler farmer utilized by Keystone in Tennessee and Kentucky and that he was the only broiler farmer with which Keystone did not place hatchlings. (Compl. ¶¶ 26-27). Babbs has not, however, pleaded any facts that racial animus played a role in the decision to not place broilers with Babbs.

2

## III. STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim under F. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). Even so, the Court need not accept a party's "bare assertion of legal conclusions." *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citation omitted). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

Keystone argues that a claim for breach of the implied covenant of good faith and fair dealing is not actionable under Kentucky law as a tort claim except for in insurance contracts. (Def.'s Partial Mot. Dismiss 1). Moreover, Keystone contends that if the implied covenant claim is construed as a contract claim, that it cannot exist apart from Babbs' claim for breach of contract. (Def.'s Partial Mot. Dismiss 2). In response, Babbs construes his implied covenant claim as a contract claim, and he argues that this claim is properly pleaded as a separate cause of action. (Pl.'s Resp. Def.'s Partial Mot. Dismiss 1, DN 12). Lastly, Keystone argues that the implied covenant claim is factually duplicative of the breach of contract claim. (Def.'s Reply Partial Mot. Dismiss 1, DN 14).

Under Kentucky law, it is undisputed that every contract includes an implied covenant of good faith and fair dealing. *O'Kentucky Rose B. Ltd. P'ship v. Burns*, 147 F. App'x 451, 457 (6th

Cir. 2005); *Ranier v. Mount Sterling Nat'l Bank*, 812 S.W.2d 154, 156 (Ky. 1991). To succeed on an implied covenant of good faith and fair dealing claim, the plaintiff must show "that the party alleged to have acted in bad faith has engaged in some conduct that denied the benefit of the bargain originally intended by the parties." *O'Kentucky*, 147 F. App'x at 458 (citing 23 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 63:22 (4th ed. 2004)).

### A. **Babbs Has Pleaded his Implied Covenant of Good Faith and Fair Dealing Claim as Has a Contract Claim rather than a Tort Claim.**

Under well-established Kentucky law, an independent tort claim based on breach of the implied covenant of good faith and fair dealing is actionable where a special relationship exists between the parties, namely in the context of insurance contracts. *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*, 941 F. Supp. 2d 807, 816 (E.D. Ky. 2013) (citing *Ennes v. H & R Block E. Tax Servs., Inc.*, No. 3:01CV-447-H, 2002 WL 226345, at *3 (W.D. Ky. Jan. 11, 2002)). A claim for breach of the implied covenant of good faith and fair dealing can, however, be the basis for a viable breach of contract claim. *Scatuorchio*, 941 F. Supp. 2d at 817 (citations omitted).

Here, Babbs clearly cannot bring this implied covenant claim in tort as this case does not involve an insurance contract. Babbs has, however, explicitly stated that he pleads the implied covenant of good faith and fair dealing claim under contract law, rather than tort law. (Pl.'s Resp. Def.'s Partial Mot. Dismiss 8). The Court sees no reason not to accept Babbs' articulation of his own claim. *See N. Atl. Operating Co., Inc. v. ZZSS, LLC*, No. 3:17-CV-00214-CRS, 2018 WL 1411266, at *3 n.1 (W.D. Ky. Mar. 21, 2018) ("Because it is clear that plaintiffs allege this claim under contract law, this [tort law] argument will be disregarded."); *Scatuorchio*, 941 F. Supp. 2d at 817 ("Although the plaintiffs do not specifically allege whether [the implied covenant claims] . . . are tort claims for bad faith, the response to the defendants' motion to dismiss clarifies that these

4

alleged causes of action do not sound in tort. Instead, the plaintiffs now assert that [the implied covenant claims] . . . are independently-alleged causes of action for breach of contract premised on a theory of breach of the covenant of good faith and fair dealing." (internal citation omitted) (citation omitted)).

> B. **Babbs' Claims for Breach of Contract and for Breach of the Implied Covenant Are Permissibly Pleaded as Separate Causes of Action.**

Even accepting Babbs' breach of the implied covenant of good faith and fair dealing claim as a contract claim, Keystone argues that this claim cannot stand apart from the breach of contract claim. (Def.'s Partial Mot. Dismiss 2).

Keystone's arguments, however, miss the mark. In the very case relied on by Keystone to support its proposition, *North Atlantic Operating Co. v. ZZSS, LLC*, the Court explicitly rejected this argument: "Additionally, defendant contends that plaintiffs' claim[] for breach of the implied duty of good faith and fair dealing . . . [is] duplicative of plaintiffs' breach of contract claim. Fed. R. Civ. P. 8(d) specifically states that a complaint may contain alternative or inconsistent claims. Therefore, this argument has no merit." *N. Atl. Operating Co.*, 2018 WL 1411266, at *4. The Court in *North Atlantic* does also note, perhaps contradictorily, that breach of the implied covenant is "not an independent cause of action." *Id*. at *3. Even so, the Court's conclusion on this point is clear: there is nothing to prevent a plaintiff from pleading his breach of contract claim and his breach of implied covenant claim as separate counts. *Id*. *See also Scatuorchio*, 941 F. Supp. 2d at 817 ("The fact that the plaintiffs have alleged general breach of contract claims for the [contract] . . . does not preclude the plaintiffs from alleging separate claims arising from the alleged breach of the covenant of good faith and fair dealing.").

Finally, the Sixth Circuit in *Hackney v. Lincoln National Fire Insurance Co.*, 657 F. App'x 563 (6th Cir. 2016), separately analyzed claims for breach of contract and for breach of the implied

covenant of good faith and fair dealing. *Id*. at 566. The court apparently took no issue with the fact that these claims were plead separately. Nor, for that matter, is it apparent to this Court why it matters whether the breach of implied covenant claim is pleaded separately or as a part of the breach of contract claim.

### C. Babbs' Implied Covenant Claim Is Not Factually Duplicative of His Breach of Contract Claim.

Finally, Keystone argues that Babbs' implied covenant of good faith and fair dealing claim merely seeks the benefit of the bargain in the contract and is therefore factually duplicative of the contract claim. (Def.'s Reply Partial Mot. Dismiss 2). As this Court has recognized, claims for breach of the implied covenant of good faith and fair dealing are barred as duplicative when such claims are mere repetitions of the breach of contract claims.[2] *Time Warner Cable Midwest LLC v. Pennyrile Rural Elec. Coop. Corp.*, No. 5:15-CV-45-TBR, 2015 WL 4464105, at *4 (W.D. Ky. July 21, 2015).

Keystone's reliance on *Time Warner* in support of its motion is not well-taken. In *Time Warner*, this Court dismissed two implied covenant claims that were based on identical contractual claims, namely the failure to provide notice and to terminate properly. *Id*. Even so, the Court allowed an implied covenant claim to proceed on the grounds that the defendant acted arbitrarily to undermine the contract. *Id*. Likewise, in the Complaint, Babbs claims that Keystone breached the express contract terms and, in the alternative, that Keystone's actions breach a separate implied duty to deal honestly and fairly. (Compl. ¶¶ 31-37). Babbs has not alleged that Keystone's breach of the implied duty of good faith violated the express contract terms.

---

[2] While Babbs has not been able to respond to this argument since Keystone raised it for the first time in its reply, this Court views the express and implied contract claims as two separate bases for Babbs' claims that Keystone breached the Agreement.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (DN 6) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

October 15, 2019

cc: counsel of record